UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4721

ARLIS HICKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-98-68-A)

Argued: October 29, 1999

Decided: January 13, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Daniel Zimmerman, Alexandria, Virginia, for
Appellant. Justin Michael Dempsey, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F.
Fahey, United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arlis Hicks ("Hicks"), an inmate in the maximum security facility of Lorton Reformatory Correctional Complex ("Lorton"), appeals his conviction for possession of a shank in violation of 18 U.S.C.A. § 13 (West Supp. 1999) (assimilating Va. Code Ann. § 53.1-203(4) (Michie 1998)).[1] Hicks contends that the district court erred in refusing to give a justification instruction to the jury. Because the circumstances of Hicks's crime did not support such an instruction, we affirm the conviction.

I.

This appeal arises out of a physical altercation between Hicks and Sergeant Warren Wade ("Sergeant Wade"), a correctional officer at Lorton, which culminated in Hicks obtaining a shank from another inmate and stabbing Sergeant Wade multiple times. At trial, Hicks contended that he only obtained the shank to defend himself from Sergeant Wade and that the jury should have been given an instruction on the defense of justification. We review the district court's refusal to give the justification instruction to the jury de novo. See United States v. Perrin, 45 F.3d 869, 871 (4th Cir. 1995).

II.

As a general rule, "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." Mathews v. United States, 485 U.S. 58, 63 (1988); see also United States v. Sloley, 19 F.3d 149, 153 (4th Cir. 1994). Specifically, to warrant a justification instruction, the defendant must produce evidence that he:

_____

[1] Va. Code Ann. § 53.1-203 (Michie 1998) makes it unlawful for a prisoner to possess a "knife, instrument, tool or other thing not authorized by the superintendent or sheriff which is capable of causing death or bodily injury."

> (1) was under unlawful and present threat of death or serious bodily injury;
>
> (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
>
> (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and
>
> (4) a direct causal relationship between the criminal action and the avoidance of the threatened harm.

United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989). A trial court can refuse to instruct the jury on an affirmative defense if the defendant fails to produce sufficient evidence as a matter of law as to any one of these elements. See United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994); cf. United States v. Bailey , 444 U.S. 394, 416 (1980). This Court construes the justification defense "very narrowly." Perrin, 45 F.3d at 875.

Hicks contends that he produced sufficient evidence from which a rational jury could have found that he was placed in imminent fear of serious bodily harm by Sergeant Wade and that he was justified in obtaining a shank to defend himself. However, Hicks's own testimony at trial did not support a justification theory under the Crittendon test.

According to Hicks, Sergeant Wade entered the recreation area where Hicks was showering and informed Hicks that his one hour of daily recreation time had expired. Hicks testified that Sergeant Wade had handcuffs with him,[2] but did not testify that Sergeant Wade threatened him with the handcuffs or brandished them in a threatening way when ordering him to end his recreation time. In fact, Hicks presented no evidence that he was under an unlawful threat of serious bodily harm at that time. Hicks acknowledged that Sergeant Wade twice ordered him to end his recreation time and return to his cell and

_____

[2] It is standard practice at Lorton Reformatory that inmates in maximum security are to be restrained when transported throughout the facility.

3

that both times Hicks refused, claiming his recreation time had not yet ended. After Hicks refused to submit, Sergeant Wade grabbed him and they began "tussling." J.A. 170. Hicks struggled free from Sergeant Wade's hold and called out to other inmates to throw him the shank. Hicks further testified that after he received the shank, Sergeant Wade hit him in the head. At that point, according to Hicks, Hicks stabbed Sergeant Wade. Hicks testified, "I stabbed him. I don't know how many times I hit him. I was just swinging." J.A. 171.

Correctional officers have the legal authority to enforce their orders and may use force if reasonably necessary. Cf. United States v. Stotts, 113 F.3d 493, 497 (4th Cir. 1997). The evidence as presented by Hicks suggests no more than that, at least initially, Sergeant Wade grabbed Hicks to take him back to his cell after Hicks refused to go upon being twice ordered. Thus, accepting arguendo Hicks's testimony to be an accurate account of the events, Hicks could have avoided the altercation if he had refrained from arguing about his recreation time and had obeyed the guard's order. Hicks's "generalized fear[ ]" of Sergeant Wade based on prior incidents with him is not sufficient to entitle him to a justification instruction. Crittendon, 883 F.2d at 330; see United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996). Additionally, it is clear that Hicks had a readily available legal alternative to obtaining a shank. He could have obeyed the guard's orders and returned to his cell. Because Hicks did not "first proffer evidence demonstrating a lack of reasonable alternatives to committing the crime," Holt, 79 F.3d at 17, his own testimony reveals that the requested justification instruction was not warranted.

III.

In summary, Hicks failed to produce evidence that he was under an unlawful and present threat of death or serious bodily injury, that he did not initiate the situation, and that there was no reasonable legal alternative to obtaining the shank to defend himself. Hicks's own testimony at trial reveals that he disobeyed a correctional officer's orders, and when the officer took steps to restrain him, Hicks obtained a shank and began to stab the officer. Because Hicks failed to present evidence to satisfy all elements of the justification defense, the district

4

court properly declined to give the instruction. **3** Therefore, the conviction is affirmed.

AFFIRMED

_____

**3** Because the evidence presented at trial -- namely, Hicks's own testimony -- was not sufficient to warrant a justification instruction, we need not reach the question of whether an inmate may ever raise the defense of justification to possession of a weapon in prison. See United States v. Holt, 79 F.3d 14, 16 (4th Cir. 1996).

5